# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

| | |
|---|---|
| DAVID PAUL JOHNSON, | Case No. 1:24-cv-12380 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | Patricia T. Morris<br>United States Magistrate Judge |
| ROSCOMMON COUNTY ANIMAL<br>CONTROL AND SHELTER, et al., | |
| *Defendants.* | |

## REPORT AND RECOMMENDATION TO DISMISS CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE

### I.   RECOMMENDATION

For the following reasons, **I RECOMMEND** that the Court **DISMISS** this case for Plaintiff's failure to prosecute and comply with the Court's orders.

### II.   REPORT

#### A.   Background

Plaintiff David Paul Johnson filed the instant civil rights complaint alleging "unconstitutional conduct including private actor theft as a pretext to gain entry and access to [his] property and animals absent any legitimate constitutional legal basis." (ECF No. 1, PageID.5). Plaintiff sued the State, which has since been dismissed, as well as Roscommon County Animal Control and Shelter, Will Tarrant, Dee Dee

1

Mendyk, and Jenny Lanvers (hereinafter, "Local Defendants"). (*Id.* at PageID.2–4). Plaintiff brings his claims under 42 U.S.C. § 1983 for alleged violations of his First Amendment, Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment rights. (*Id.* at PageID.4).

Plaintiff was ordered to conduct a meeting with opposing counsel pursuant to Federal Rule of Civil Procedure 26(f) on or before May 9, 2025, and to file a joint Rule 26(f) plan and status report on or before May 15, 2025. (ECF No. 27). According to Local Defendants' separately filed Rule 26(f) Plan (ECF No. 28), Plaintiff failed to initiate the required meeting or otherwise participate in the creation of the Rule 26(f) plan. Accordingly, Plaintiff was ordered to show cause "in writing on or before **June 6, 2025**, why he failed to comply with the Court's April 24, 2025 order (ECF No. 27)." (ECF No. 29, PageID.123 (emphasis in original)). Moreover, Plaintiff was specifically "cautioned that failure to response to this Order may result in a recommendation that the case be dismissed for failure to prosecute." (*Id.*). Plaintiff did not file a response.

**B.    Analysis**

District courts may dismiss an action for a party's failure to prosecute or obey a court order—either on an opposing party's motion under Federal Rule of Civil Procedure 41(b), or on their own accord under their inherent powers. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962); *see also* E.D. Mich. LR 41.2 (providing that

2

the court may dismiss a case where "the parties" take "no action for a reasonable time").  "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)).

Courts in the Sixth Circuit consider four factors to determine whether a case should be dismissed with prejudice for want of prosecution:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir.2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).  The same factors apply to dismissals without prejudice, but are "greatly relaxed" in that context because dismissals without prejudice generally do not "deprive[]" plaintiffs of their "day in court." *Muncy v. G. C.R., Inc.*, 110 F. App'x 552, 556 (6th Cir. 2004); *see also Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022).  These factors weigh in favor of Groom's dismissal.

Regarding the first factor, Plaintiff stopped pursuing his case several months ago.  The record reflects no activity from Plaintiff since January 30, 2025.  (ECF No.

3

23). His current inactive status in the case is attributable to his own fault given his failure to take any action in the past six months, including participating in the ordered scheduling meeting. (*See* ECF No. 27). Accordingly, the first factor weighs in favor of dismissal.

The second factor also weighs in favor of dismissal because Local Defendants are prejudiced by Plaintiff's abandonment of the case. Local defendants have already wasted time and expense independently filing a Rule 26(f) plan. As to third factor, the Court cautioned Plaintiff that a failure to respond to the order to show cause may result in a recommendation that the case be dismissed. Thus, the third factor too weighs in favor of dismissal.

Consequently, I am unpersuaded that a sanction short of dismissal would be appropriate in this matter. *See Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts."); *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available."). The fourth factor therefore weighs in favor of dismissal.

Because all four factors support dismissing Plaintiff's case, I **RECOMMEND DISMISSING** this case *sua sponte* under Fed. R. Civ. P. 41(b) and Local Rule 41.2 for failure to prosecute.

### C. Conclusion

For these reasons, **I RECOMMEND** that the Court **DISMISS** this case.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 8, 2025                                          S/PATRICIA T. MORRIS
                                                             Patricia T. Morris
                                                             United States Magistrate Judge